IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LUVEN WHITEHORSE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br><br>Civil Case No. 2:09-CV-273 TS<br>Criminal Case No. 2:03-CR-306 PGC |

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will dismiss this case.

I. BACKGROUND

Petitioner was charged in a six-count Indictment with aggravated sexual abuse of a minor in violation of 18 U.S.C. §§ 2241(c) and 1153(a) on April 24, 2004. Petitioner pleaded guilty to counts 2 and 4 of the Indictment on December 2, 2003. On February 12, 2004, Petitioner was sentenced to 188 months custody of the Bureau of Prisons. Judgment was entered that same day.

1

Petitioner did not pursue direct appeal. However, he has filed a number of Motions pursuant to 28 U.S.C. § 2255. Petitioner filed his first Motion on March 18, 2005.[1] That Motion was denied as being filed outside the statute of limitations on June 13, 2005.[2] Petitioner did not appeal that order, but instead filed a second § 2255 Motion on August 22, 2005.[3] That Motion was denied on September 15, 2005.[4] Petitioner filed the instant Motion, his third, on March 27, 2009,[5] over five years after judgment was entered in the underlying criminal action.

## II.  DISCUSSION

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[6] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[7] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[8]

---

[1] Docket No. 1 in Case No. 2:05-CV-234 PGC.

[2] Docket No. 3 in Case No. 2:05-CV-234 PGC.

[3] Docket No. 1 in Case No. 2:05-CV-702 PGC.

[4] Docket No. 2 in Case No. 2:05-CV-702 PGC.

[5] Docket No. 1 in Case No. 2:09-CV-273 TS.

[6] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[7] *Id*. at 1251.

[8] *See* 28 U.S.C. § 1631.

The Tenth Circuit has delineated factors a Court should consider in whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[9]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion and, as a result, the Court will dismiss the Motion for lack of jurisdiction.

First, Petitioner's claims would be barred if they were filed anew in the proper forum.  As noted, this Motion was filed over five years after judgment was entered in this matter.  Petitioner has not provided anything to suggest that the limitations period should be tolled.  Thus, Petitioner's claims would be barred by the one-year statute of limitations contained in 28 U.S.C. § 2255.

Second, Petitioner's claims are not likely to have merit.  Section 2255(h) requires a federal prisoner seeking authorization to file a second or successive petition to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"[10] or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[11]  Petitioner's Motion does not meet these criteria.

---

[9] *In re Cline*, 531 F.3d at 1251.

[10] 28 U.S.C. § 2255(h)(a).

[11] *Id*. § 2255(h)(b).

Third, Petitioner's Motion was not filed in good faith as it was clear that the Court lacked the requisite jurisdiction. The Court, in its Order on Petitioner's first § 2255 Motion explained that the Motion was untimely. In the Order on Petitioner's second Motion, the Court explained that Petitioner's Motion was a second or successive § 2255 Motion which Petitioner had not received permission to file.

### III.  CONCLUSION

For the reasons set forth above, the Court finds that it is not in the interest of justice to transfer Defendant's Motion. It is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:09-CV-273 TS) is DISMISSED for lack of jurisdiction.

The Clerk of Court is directed to close Case No. 2:09-CV-273 TS forthwith.

SO ORDERED.

DATED   April 21, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge