IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LUVEN WHITEHORE, <br><br> Petitioner, <br><br><br><br> vs. <br><br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND RECONSIDERATION OF DECISION <br><br><br><br><br> Civil Case No. 2:09-CV-273 TS <br> Criminal Case No. 2:03-CR-306 PGC |

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 on March 27, 2009.[1] The Court denied Petitioner's Motion on April 21, 2009, finding that it was a second or successive § 2255 Petition and that it was not in the interest of justice to transfer the Motion.[2] Petitioner has now filed the instant Motion seeking reconsideration of that decision. In particular, Petitioner seeks a ruling on his claims that 28 U.S.C. §§ 2244 and 2255 are unconstitutional.

---

[1] Docket No. 1 in Civil Case No. 2:09-CV-273 TS.

[2] Docket No. 3 in Civil Case No. 2:09-CV-273 TS.

1

Petitioner argues that §§ 2244(a) and 2255(f) and (h) violate the Suspension Clause of the United States Constitution.[3]

Petitioner argues that the one-year limitations period set out in § 2255(f) violates the Suspension Clause. The Tenth Circuit addressed this issue in *Miller v. Marr*.[4] The court stated that "[w]hether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention."[5] "The burden is on the petitioner to demonstrate inadequacy and ineffectiveness."[6] The court noted that "[t]here may be circumstances where the limitations period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective," but the court was "satisfied that such circumstances are not implicated here."[7] Petitioner has not met his burden to show that the one-year limitations period renders his habeas remedy inadequate or ineffective.

Petitioner also argues that the limitation of filing second or successive petitions found in § 2255(h) violates the constitution. This claim fails. The Supreme Court has held that such limitations do not violate the Suspension Clause.[8]

---

[3] U.S. Const. art. I, § 9 cl. 2.

[4] 141 F.3d 976 (10th Cir. 1998).

[5] *Id*. at 977.

[6] *Id*.

[7] *Id*. at 978.

[8] *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Finally, Petitioner argues the constitutionality of 28 U.S.C. § 2244(a). Section 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Petitioner's claim fails for substantially the same reasons as Petitioner's claim concerning § 2255(h), discussed above.

It is therefore

ORDERED that Petitioner's Motion for Relief From Judgment and Reconsideration of Decision (Docket No. 4) is DENIED.

DATED   July 13, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge